UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MORTIFERUM LEE KARMA,

        Petitioner,

v.

RON HAYNES,

        Respondent.

Case No. 3:25-cv-05838-RAJ-TLF

SECOND ORDER TO SHOW CAUSE/FILE AMENDED COMPLAINT

Petitioner Mortiferum Lee Karma is a prisoner currently confined at the Monroe Correctional Complex-Minimum Security, in Monroe, Washington. Dkt. 1. He has presented to the Court for filing a motion for leave to proceed *in forma pauperis* ("IFP") and a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement pursuant to a judgment and sentence entered in Pierce County Superior Court in case number 23-1-00552-1. *See* Dkts. 1, 16.

By order dated October 15, 2025, the Court informed petitioner that the petition for writ of habeas corpus, although nominally brought under 28 U.S.C. § 2241, was properly construed as brought pursuant to 28 U.S.C. § 2254 because the petitioner represents that he is in custody pursuant to a state court judgment. Dkt. 29; *see White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

SECOND ORDER TO SHOW CAUSE/FILE AMENDED
COMPLAINT - 1

Petitioner was further advised that to obtain federal habeas corpus relief under § 2254, a petitioner must demonstrate that each of his claims has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)–(c). Dkt. 29. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The Court informed petitioner that the habeas corpus petition failed to address whether petitioner had exhausted his federal claims, noting that before filing a habeas corpus petition challenging a state court criminal case judgment and sentence petitioner is required to fully and fairly present each claim as federal claims to the Washington Court of Appeals and to the Washington Supreme Court. Dkt. 29.

Accordingly, the Court declined to serve the petition, and ordered that petitioner file an amended petition on or before **November 14, 2025**, **on the 28 U.S.C. § 2254 form provided by the Court**. *Id.* Petitioner was instructed that if he filed an amended petition, he must address whether he has exhausted the claims raised in his federal habeas petition; exhaustion of state remedies would be accomplished by petitioner fairly presenting each federal claim to the Washington Court of Appeals and the Washington Supreme Court. *Id.* The Court informed petitioner that if he failed to file an amended petition or failed to address the issue of exhaustion as directed, the Magistrate Judge would recommend that District Judge Richard A. Jones should dismiss the action without prejudice for failure to prosecute and failure to comply with a court order. *Id.*; *see* Fed. R. Civ. P. 41(b). The Court further directed the Clerk to provide petitioner with the necessary forms for filing a 28 U.S.C. § 2254 habeas petition and with a copy of this order. Dkt. 29.

Petitioner filed a response to the Court's order to show cause, which is difficult to follow, appears to raise challenges to conditions of confinement, and does not adequately address whether petitioner has properly exhausted his state court remedies with respect to his habeas claims. Dkt. 31. Furthermore, petitioner did not file an amended petition on the 28 U.S.C. § 2254 form provided by the Court. However, petitioner does appear to assert that he did not receive the 28 U.S.C. § 2254 form provided by the Court and, although unclear, seems to indicate some possible difficulty with receiving the electronic version of the form. Dkt. 31.

Accordingly, in an abundance of caution, the Court hereby ORDERS:

(1) The Clerk is directed to provide petitioner **with the necessary forms for filing a 28 U.S.C. § 2254 habeas petition and with a copy of this order both electronically and by first class mail**.

(2) On or before **February 3, 2026**, petitioner is directed to file an amended petition **on the 28 U.S.C. § 2254 form provided by the Court**. In the amended petition, petitioner should address whether he has exhausted the claims raised in his federal habeas petition by fairly presenting them to the Washington Court of Appeals and the Washington Supreme Court.

(3) If petitioner fails to file an amended petition **on the 28 U.S.C. § 2254 form provided by the Court** or fails to address the issue of exhaustion as directed, the Magistrate Judge will recommend that District Judge Richard A. Jones should dismiss the action without prejudice for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b).

(4) The Clerk is directed to re-note petitioner's motion to proceed IFP (Dkt. 16), "motion for summary judgment", (Dkt. 33) "motion for contempt", (Dkt. 34) and "motion for expodential [sic] injunctive relief" (Dkt. 35) to **February 3, 2026**.

Dated this 6th day of January, 2026.

Theresa L. Fricke
United States Magistrate Judge

SECOND ORDER TO SHOW CAUSE/FILE AMENDED COMPLAINT - 4