UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MORTIFERUM LEE KARMA,

                                Petitioner,

        v.

RON HAYNES,

                                Respondent.

Case No. 3:25-cv-05838-RAJ-TLF

ORDER ON MISCELLANEOUS
MOTIONS

Petitioner Montiferum Lee Karma, who is in custody in the Washington State Department of Corrections at the Monroe Correctional Complex, is a pro se litigant in this 28 U.S.C. § 2254 federal habeas corpus case. In forma pauperis ("IFP") status has been granted and his petition has been served. Dkt. 41, 42. Petitioner has filed numerous documents, many of which are difficult to follow and the nature of his requests for relief are unclear. *See, e.g., Dkt. 48*, "Request for Hearing on Motion of Stipulation of Facts" (unclear what petitioner is asking for). Accordingly, although some of petitioner's filings were not originally docketed as motions, the Court will consider those filings for which petitioner has requested specific relief.

Petitioner filed a "petition to consolidate causes" (Dkt. 5) which was directed to the Court in the Eastern District of Washington where this case was originally filed, but was filed after the case was transferred to this Court. In a recent filing, petitioner requests that this Court consider the "petition to consolidate causes" filing. *See* Dkt. 33.

ORDER ON MISCELLANEOUS MOTIONS - 1

In the "petition to consolidate causes", petitioner appears to seek to consolidate this 28 U.S.C. § 2254 habeas action with a 42 U.S.C. § 1983 civil rights action filed in the U.S. District Court for the Eastern District of Washington under Case Number 25-cv-00338-MKD. Dkt. 5.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotations and citations omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

Petitioner fails to establish any reason to consolidate this 28 U.S.C. § 2254 action challenging the validity and constitutionality of his state-court prosecution with a 42 U.S.C. § 1983 action, challenging the conditions of confinement. Furthermore, the § 1983 action filed in the U.S. District Court for the Eastern District of Washington has now been dismissed, rendering this request moot. *See Karma v. Lang*, 25-cv-00338-MKD, Dkt. 47 (E.D. Wash. March 17, 2026). Accordingly, the "petition to consolidate causes" (Dkt. 5) is DENIED.

Petitioner filed two more documents, final introduction of hearing exhibits/evidence and proposed motion for order compelling disclosure or discovery. Dkt. 25. But it is unclear what discovery petitioner is referring to, and this document was

ORDER ON MISCELLANEOUS MOTIONS - 2

filed prior to service of the petition, therefore the motion to compel discovery is premature.

Another reason this motion is denied, is because "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.'" *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, discovery in habeas corpus proceedings is a matter of judicial discretion. The Rule provides, in pertinent part, as follows: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "Good cause" under the Rule is established " 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]' " *Bracy*, 520 U.S. at 909 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim." *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005) (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)).

Petitioner has not shown good cause for discovery. It is unclear from petitioner's filing what discovery he is seeking to compel. Further, the respondent has not yet filed an answer and thus it is unclear whether any discovery petitioner seeks would be relevant to the ultimate disposition of the petition.

Accordingly, petitioner's request (Dkt. 25) is DENIED.

ORDER ON MISCELLANEOUS MOTIONS - 3

Petitioner also filed a proposed request for appointment of counsel (Dkt. 17). Petitioner states this is based upon his "limitations pursuant to ADA and GR-33." Dkt. 17.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Nevins v. Sumner,* 105 F.3d 453, 460 (9th Cir. 1996); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. *See Terrovona*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal citation and quotation marks omitted). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

Petitioner has not shown this matter presents exceptional circumstances supporting the appointment of counsel in this case. The issues presented in the petition are not, at this point, shown to be particularly complex, and petitioner has to this point

effectively articulated his claim that his guilty plea was extorted, and his argument that he was obstructed from exhausting his state court remedies. Dkt. 42.

Petitioner's "request for appointment of counsel" (Dkt. 17) is DENIED.

Petitioner also filed a request that a motion filed in his § 1983 case filed in the Eastern District of Washington be introduced in the instant § 2254 habeas action. Dkt. 17). Petitioner gives no reason for including a motion from a separate § 1983 action, nor does he explain how it is relevant to the disposition of his claims in this habeas corpus petition challenging the validity and constitutionality of his state-court prosecution. Accordingly, petitioner's request (Dkt. 17) is DENIED as frivolous.

Petitioner also requests reconsideration of the decision by the U.S. District Court for the Eastern District of Washington in transferring this case to this Court, but this Court cannot decide a motion for reconsideration of a decision made in a different U.S. District Court. Dkt. 17. Petitioner was convicted in Pierce County, Washington, and thus his petition is properly filed in this district. *See* 28 U.S.C. § 2241(d); Dkt. 42.

Accordingly, petitioner's request for reconsideration (Dkt. 17) is DENIED as frivolous.

Petitioner has filed a "motion for cause, order for cause of Partial Summary Judgment" (Dkt. 33) which includes a request that the Clerk send him copies of the local court rules because they are not available to him outside of the law library. But petitioner fails to show that the Local Civil Rules for the Western District of Washington are unavailable to him. Accordingly, that part of the motion (Dkt. 33) is DENIED. Petitioner has also filed a "motion for contempt" (Dkt. 34) which includes a request that the clerk mail him copies of documents he filed at docket numbers 34 and 35. Petitioner

ORDER ON MISCELLANEOUS MOTIONS - 5

has not adequately shown that he would be unable to receive copies of these documents through the prison law library. Accordingly, that part of the motion (Dkt. 34) is DENIED as frivolous.

The Court will address the remainder the relief sought in petitioner's "motion for cause, order for cause of Partial Summary Judgment" and "motion for contempt" (Dkts. 33, 34)  in a report and recommendation, as the remaining requests seek injunctive relief.

ORDER

All of petitioner's motions and requests contained in the following Court docket entries are DENIED: Dkt. 5, Dkt. 17, Dkt. 25.

Petitioner's request included in his "motion for contempt" (Dkt. 34) that the clerk mail him copies of documents he filed at docket numbers 34 and 35 is DENIED. Petitioner's request included in his "motion for cause, order for cause of Partial Summary Judgment" (Dkt. 33) that the Clerk send him copies of the local court rules is DENIED. The Court will address the remaining relief sought in these motions (Dkts. 33, 34) in a report and recommendation.

As a pro se litigant, Mr. Karma is subject to the same procedural requirements as other litigants and must abide by the Local Civil Rules and the Federal Rules of Civil Procedure. See, Roundtree v. U.S., 40 F.3d 1036, 1039-1040 (9th Cir. 1994) (Court holds are sanctions appropriate under Fed. R. Civ. P. 11(b)(2) against a pro se plaintiff whose complaint was "patently frivolous") ; *Durant v. Traditional Investments, Ltd.,* 135 F.R.D. 42, 46-50 (imposing sanctions against a pro se defendant for filing numerous documents that violated Fed. R. Civ. P. 11).  If petitioner files improper motions, or

ORDER ON MISCELLANEOUS MOTIONS - 6

additional frivolous documents, such filings may violate Fed. R. Civ. P. 11 and the Local Rules. According to Western District of Washington Local Civil Rule (LCR) 11(c), "An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil . . . Procedure, these [local] rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or . . . who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate."

The Clerk shall provide a copy of this order to petitioner and counsel for respondent.

Dated this 30th day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 7